```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )    Criminal No. 99-122
        v.                  )    Criminal No. 00-126
                            )    Criminal No. 01-156
JOSEPH DEES                 )    (ELECTRONICALLY FILED)
```

### GOVERNMENT'S BRIEF REGARDING
### CONSECUTIVE VERSUS CONCURRENT SENTENCES

AND NOW, comes the United States of America, by it's attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Brendan T. Conway, Assistant United States Attorney for said District, and respectfully submits its brief regarding consecutive versus concurrent sentences. For the reasons set forth below, it is the government's position that the Court has the discretion to order consecutive sentences.

A.   FACTUAL BACKGROUND

The defendant was convicted in three separate cases. For the case docketed at Criminal No. 99-122, the defendant pleaded guilty on March 16, 2001, to one count of Use of Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(2). In 1994, the defendant purchased a Mercedes Benz, a massage chair, and cellular telephones, using fraudulently obtained credit cards.

Also on March 16, 2001, the defendant pleaded guilty at Criminal No. 00-126 to one count of Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 2314. In that case, the defendant, in July 2000, was arrested after he had attempted to

make a purchase at a Home Depot in Ohio with a fraudulently obtained credit card and a false identification card. Found in his vehicle were 73 stolen checks, totaling approximately $340,000, each of which was payable to the Internal Revenue Service as payment for income taxes. Dees had obtained the stolen checks and had contacted the taxpayers pretending to be a jury commissioner. He manipulated the taxpayers into providing him with personal identification information that he later used to obtained credit cards.

The final case, which is Criminal No. 01-156, involved the defendant calling executives from the National Football League pretending he was an official from a local court. He manipulated the executives into providing personal identification information, and he would then use that information to obtain credit cards. The defendant pleaded guilty on August 10, 2001, to Use of Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(2).

On October 19, 2001, the Court sentenced the defendant on all three cases to 51 months of incarceration, followed by three years of supervised release. The Court ordered that the sentences, including the periods of supervised release, run concurrently with each other. The Court, however, issued three separate Judgment and Conviction Orders, each of which contain a three year period of supervised release.

Following his release in December 2004, the defendant quickly

violated numerous conditions of his release, including five positive drug tests for cocaine and heroin. The defendant also failed to report as directed, failed to submit monthly reports, failed to secure employment, failed to pay restitution, and failed to comply with various other conditions of his supervised release.

In addition to those violations, the defendant also participated in a scheme similar to the schemes described above related to Criminal Nos. 00-126 and 01-156. He called two doctors pretending to be associated with a local court and he manipulated them into providing him with identification information. Dees then used that information to obtain credit cards and used the credit cards to make various unauthorized purchases. The Court found that the defendant had violated two federal laws while on supervised release based on that conduct.

At the conclusion of the supervised release violation hearing, the Court asked for the government's position related to whether the Court should sentence the defendant concurrently or consecutively. Counsel for the government initially indicated that the government believed, based on discussions with the Probation Office, that the sentences must run concurrently. Counsel for the government, however, at the Court's direction, read from the statute that the Probation Office had referenced in support of that proposition, and that statute, by its plain terms, did not preclude the Court from sentencing the defendant consecutively.

Counsel for the government then requested time to file a brief on the issue before the Court, i.e., whether the Court had discretion to order that the sentences for the supervised release violation run consecutively. The Court granted that request but, with the parties' consent, imposed two alternative sentences. The Court indicated that, if it had the discretion, the Court was imposing a sentence of 24 months for each case to run consecutively, for a total sentence of 72 months. The Court further indicated that if it did not have that discretion, the sentence would be 24 months for each case to run concurrently, for a total sentence of 24 months.

B.   THE COURT HAS THE DISCRETION TO ORDER CONSECUTIVE SENTENCES

The Courts that have addressed the issue before the Court have all concluded that the sentencing court has the discretion to order consecutive sentences under circumstances nearly identical to those before the Court. The Court should follow those well-reasoned, albeit non-binding, views and also apply a consecutive sentence. See United States v. Deutsch, 403 F.3d 915 (7th Cir. 2005); United States v. Gonzalez, 250 F.3d 923 (5th Cir. 2001); United States v. Jackson, 176 F.3d 1175 (9th Cir. 1999); United States v. Johnson, 138 F.3d 115 (4th Cir. 1998); United States v. Quinones, 136 F.3d 1293 (11th Cir. 1998).

The most recent example of a Court affirming consecutive

sentences based on violations of concurrent terms of supervised release is United States v. Deutsch, 403 F.3d 915 (7th Cir. 2005). In that case, the defendant was serving seven concurrent terms of supervised release when he violated the terms of his supervised release. The Court sentenced the defendant to a combination of concurrent and consecutive prison terms that totaled 61 months of confinement. Id. at 916.

The defense made various arguments that the governing statutes limited the court's discretion to impose consecutive terms of imprisonment for violation of concurrent terms of supervised release, but the Court rejected each of them. There is simply no statutory limitation on the Court's discretion to impose consecutive sentences, and in the absence of such a limitation, the Court is free to exercise its discretion by imposing consecutive sentences. Id. at 917.

In fact, the Deutsch Court found statutory authority for the imposition of consecutive terms of imprisonment in 18 U.S.C. § 3584(a), which states, "If multiple terms of imprisonment are imposed on the defendant at the same time . . . the terms may run concurrently or consecutively." Absent a specific limitation of this provision with regard to supervised release violations, "a district has discretion to impose consecutive prison terms of supervised release upon revoking concurrent terms of supervised release." Deutsch, 403 F.3d at 918.

Another recent example of a Court affirming consecutive sentences under circumstances similar to the one before the Court is United States v. Gonzalez, 250 F.3d 923 (5th Cir. 2001). In that case, the defendant had been convicted of three counts of impersonating an officer or employee of the United States, in violation of 18 U.S.C. § 912. The Court sentenced the defendant to serve three concurrent terms of imprisonment of twenty-seven months and three concurrent terms of twelve months of supervised release.

Within months of his release, the Probation Office filed a petition charging that the defendant committed another violation of 18 U.S.C. § 912 while on supervised release, along with other violations. After a hearing, the Court found that the government had established the violation, and sentenced the defendant to three consecutive twelve month terms of incarceration.

The defendant appealed, and made various statutory and constitutional arguments against application of the consecutive sentences. The Court, after reviewing all of the cases from other circuits and the relevant statutes, rejected each of the defendant's arguments. It concluded that, "the district court was within its authority to impose consecutive terms of imprisonment following the revocation of [the defendant's] three concurrent terms of supervised release." Id. at 929.

If anything, the case before the Court presents a stronger case for application of consecutive sentences. In Gonzalez, the

defendant pleaded guilty to three counts at the same time that were charged in the same indictment, and that were part of the same course of conduct. Also, presumably the Court would have issued only one Judgment and Conviction Order. In this case, the defendant pleaded guilty to three completely separate cases on two different days, the cases were not part of the same course of conduct, and the Court issued three separate Judgment and Conviction Orders. Thus, the need for consecutive sentences reflecting the violation of the supervised release associated with each of the defendant's three convictions is even more apparent in this case than in <u>Gonzalez</u>.

WHEREFORE, for the reasons set forth above, the government requests that the Court impose consecutive sentences terms of imprisonment, for a total sentence of 72 months.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

<u>s/Brendan T. Conway</u>
BRENDAN T. CONWAY
Assistant U.S. Attorney
U.S. Post Office and Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219
(412) 894-7348 (Phone)
(412) 894-7311 (Fax)
brendan.conway@usdoj.gov
PA78726