IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Nos. 99-122 |
| | ) | 00-126, 01-156 |
| JOSEPH DEES | ) | |

**Defendant Joseph Dees' Brief Regarding Consecutive Versus Concurrent Sentences upon Revocation of Supervised Release**

AND NOW, comes the defendant, Joseph Dees, by his attorney, Assistant Federal Public Defender Linda E. J. Cohn, and respectfully submits this brief regarding consecutive versus concurrent sentences upon revocation of supervised release. For the reasons set forth below, this Court lacks the statutory authority to impose consecutive terms of imprisonment upon revocation of multiple concurrent terms of supervised release. Additionally, imposing consecutive, maximum terms of imprisonment violates Mr. Dees's Due Process rights and the proscription against double jeopardy. In the alternative, if this Court finds that it does have such authority, it should not do so in this case. To impose consecutive maximum terms of imprisonment upon revocation of multiple concurrent terms of supervised release would constitute an abuse of discretion.

I.     **BACKGROUND**

In March 2001, Mr. Dees pled guilty in two separate cases (Criminal Nos. 99-122 and 00-126) to one count of Use of Unauthorized Access Devices in violation of 18 U.S.C. § 1029(a)(2) and one count of Interstate Transportation of Stolen Property in violation of 18 U.S.C. § 2314. In August 2001, Mr. Dees pled guilty at Criminal No. 01-156 to one count of Use of Unauthorized

Access Devices.  All three counts carried a statutory maximum penalty of ten years imprisonment

and a fine of $250,000, as well as a maximum term of three years supervised release.  See 18

U.S.C. § 1029(a)(2); 18 U.S.C. § 2314.   A presentence investigation report was prepared in

accordance with the United States Sentencing Guidelines reflecting a term of imprisonment

ranging from 41 to 51 months, and a term of supervised release ranging from two to three years.

On October 19, 2001, Mr. Dees was sentenced to a term of 51 months imprisonment at each of

the three cases, with each term to run concurrent with the others, as well as three years

supervised release, also to run concurrent with each other.  Mr. Dees served his term of

imprisonment and was released on supervision.

On April 6, 2005, the government filed a Motion to Revoke Supervised Release in which

it asked this Court to revoke Mr. Dees' supervised release on the ground that probable cause

existed to believe that Mr. Dees had committed another crime and that Mr. Dees had failed to

report to the probation officer as directed, had used cocaine while on supervised release and had

"violated several other conditions of release."  Motion to Revoke Supervised Release and for an

Arrest Warrant, ¶ 4.  The government subsequently filed an Amended Motion to Revoke

Supervised Release in which it stated that on June 16, 2005, Mr. Dees was charged in an

Indictment with one count of Unauthorized Use of Access Devices in violation of 18 U.S.C. §

1029(a)(2) and one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) at

Criminal Action No. 05-172.  In the Amended Motion, the government sought revocation of Mr.

Dees' supervised release based upon the conduct charged in Indictment No. 05-172.[1]       A

---

[1]  The government also references in its Amended Motion "the Probation Office's related
Petition" on supervised release.  Amended Motion, ¶ 3.  The Probation Office, however, has not
filed a petition in this case.

hearing was held before this Court on September 29, 2005. This Court found that Mr. Dees had

committed both technical violations of his supervised release, and that Mr. Dees had violated his

supervised release by committing another crime as charged in Indictment No. 05-172.

At the conclusion of the hearing, the Court requested briefing from the parties regarding

whether the Court had the authority to impose consecutive terms of imprisonment when revoking

concurrent terms of supervised release.

II.     **THIS COURT LACKS AUTHORITY TO REQUIRE MR. DEES TO SERVE IN PRISON CONSECUTIVE 2-YEAR TERMS OF IMPRISONMENT UPON REVOCATION OF HIS CONCURRENT TERMS OF SUPERVISED RELEASE; TO DO SO WOULD VIOLATE APPLICABLE FEDERAL STATUTES AND MR. DEES' CONSTITUTIONAL RIGHTS**

A.      **Congress Has Set Specific, Defined Limits as to the Amount of Time a Court May Require a Defendant to Serve in Prison upon Revocation of a Term of Supervised Release.**

When revoking a term of supervised release, a court's power  is limited by 18 U.S.C. §

3583(e)(3), which permits a court, after considering certain factors set forth in 18 U.S.C. §

3553(a), to:

> revoke a term of supervised release, and require the defendant to serve in prison **all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release** without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, **except that a defendant whose term is revoked under this paragraph may not be required to serve** on any such revocation more than 5 years supervised release if the offense that resulted in the term of supervised release is a class A felony, ... **more than 2 years in prison if such offense is a class C or D felony ...**

18 U.S.C. § 3583(e)(3) (emphasis supplied).

3

Thus, § 3583(e) imposes two limits on a district court's ability to require a defendant to serve a term of imprisonment when revoking supervised release.  First, the district court is limited to requiring the defendant to serve in prison no more than "the term of supervised release authorized by statute for the offense that resulted in such term of supervised release."  Second, § 3583(e) sets forth explicit limits on the amount of time a court may require a defendant to serve in prison upon revocation of supervised release based upon the class of felony that resulted in the term of supervised release.

Regarding the first limitation – that a term of imprisonment, upon revocation, must not exceed "the term of supervised release authorized by statute for the offense that resulted in such term of supervised release" – when a defendant is sentenced to more than one term of supervised release, the term "authorized by statute" is always a **concurrent** sentence.  See 18 U.S.C. § 3624(e) (requiring "[t]he term of supervised release ... [to] run[]concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release"); U.S.S.G. § 5G1.2, comment. (n.2) (noting that "even in the case of a consecutive term of imprisonment ..., any term of supervised release imposed is to run concurrently with any other term of supervised release imposed") (citing 18 U.S.C. § 3624(e)); see also United States v. Sash, 396 F.3d 515, 525 (2d Cir. 2005) ("[M]ultiple terms of supervised release ... must run concurrently, pursuant to 18 U.S.C. § 3624(c).").

Sections 3583(e)(3) and 3624(e) limit the term of imprisonment that a court may require upon revocation of a term of supervised release to the amount of time that the defendant legally could spend on supervised release and not by the aggregate amount of the concurrent terms.

4

Section 3583(e)'s extensive list of the court's powers contains nothing that would permit the court to change the original, statutorily mandated, concurrent nature of simultaneously imposed supervised release terms from concurrent to consecutive.[2]

In this case, the maximum term of supervised release authorized for of Mr. Dees' three underlying cases was a total of three years.  See § 3583(b)(2).  Although each underlying case carried a maximum term of supervised release of three years, the maximum term of supervised release authorized by statute totaled three years because § 3624(e) provides that multiple terms of supervised release must run concurrently.  Therefore, under the first limitation set forth in § 3583(e)(3), this Court cannot require that Mr. Dees serve more than three total years in prison for all three of his cases.[3]

---

[2]  Congress used very similar language in describing the power of a sentencing court to impose a term of supervised release following revocation:

> **(h) Supervised release following revocation.–** When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release **shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release,** less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h) (emphasis supplied).  See also U.S.S.G. § 7B1.3(g)(2) (citing 18 U.S.C. § 3583(h)).  Certainly, a court including a requirement of a term of supervised release following revocation would not be free to require a new term of supervised release consecutive to another term of supervised release in contravention of 18 U.S.C. § 3624(e).  Thus, Congress' choice of language in § 3583(h) to describe the court's power when requiring a term of supervised release following revocation, which is in all relevant aspects identical to that used to describe the limit on a term of imprisonment that may be imposed when revoking supervised release, supports the conclusion that a court cannot require a defendant to serve consecutive prison terms when concurrent terms of supervised release are revoked.

[3]As set forth below, § 3583(e)(3) further limits potential prison time in Mr. Dees' case to two years.

Second, § 3583(e)(3) further limits the amount of imprisonment a defendant may be required to serve upon revocation of supervised release to a maximum of 2 years if the offense that resulted in the term of supervised release was a class C felony, as it was in Mr. Dees' cases. Section 3583(e)(3) makes no exception for multiple terms of supervised release and does not include any language which would reasonably permit a conclusion that Congress intended for a defendant to serve up to two years imprisonment for **each** class C felony for which the defendant was originally sentenced, for a total of four, six, eight, ten or even more years of imprisonment.[4]

Congress' limitation on the amount of time a defendant may be required to serve in prison upon supervised release revocation is also reflected in Chapter 7 of the United States Sentencing Guidelines, which contains the Sentencing Commission's policy statements regarding revocation of supervised release. Therein, the Commission explained that it was motivated in part by the significant statutory limitations on terms of imprisonment when it rejected an approach that endeavored to punish the conduct that formed the basis of the supervised release violation in favor of an approach that punished primarily the defendant's breach of trust in violating his supervised release:

> [T]he sanctions available to the courts upon revocation are, in many cases,

---

[4]    Indeed, if that were the case, a defendant who pled guilty to one count while accepting responsibility for conduct underlying other counts would be in a much better position than a defendant who commits the same criminal conduct but pleads guilty to several counts, whether at one criminal indictment or several. Under the latter scenario, a defendant could be subject to double, triple, or even longer sentences of imprisonment upon revocation of supervised release than would a defendant who pled guilty to one count, although both defendants would be subject to the same potential term of imprisonment and supervised release for the original offense(s). This construction certainly undermines Congress' desire to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See generally 18 U.S.C. § 3553(a)(6).

more significantly restrained by statute.  Specifically, the term of imprisonment that may be imposed upon revocation of supervised release is limited by statute to not more than five years for persons convicted of Class A felonies, except for certain Title 21 drug offenses; not more than three years for Class B felonies; not more than two years for Class C felonies; and not more than one year for Class E felonies.  18 U.S.C. § 3583(e)(3).

Given the relatively narrow ranges of incarceration available in many cases, combined with the potential difficulty in obtaining information necessary to determine specific offense characteristics, the Commission felt that it was undesirable at this time to develop guidelines that attempt to distinguish, in detail, the wide variety of behavior that can lead to revocation.  *Indeed, with the relatively low ceilings set by statute, revocation policy statements that attempted to delineate with great particularity the gradations of conduct leading to revocation would frequently result in a sentence at the statutory maximum penalty.*

U.S.S.G. Ch.7, Pt.A, intro. comment., at 3.(b) (emphasis supplied).  This passage reflects the Commission's belief that courts are limited, under § 3583(e), to the maximum term of imprisonment set forth therein regardless of how many cases or counts the defendant was found guilty of.

**B.     18 U.S.C. § 3584, Which Governs Multiple Sentences of Imprisonment, Has No Application in Supervised Release Revocation Proceedings.**

The Third Circuit Courts of Appeals has not addressed the issues addressed herein.

While other courts have held that, pursuant to 18 U.S.C. § 3584(a), "a district court has discretion to impose consecutive prison terms of supervised release upon revoking concurrent terms of supervised release," these cases are not binding on this Court.  See United States v. Deutsch, 403 F.3d 915, 918 (7th Cir. 2005), cert. denied, ___ S.Ct. ___, 2005 WL 1522612 (U.S. Oct. 3, 2005).; accord United States v. Gonzales, 250 F.3d 923, 928 (5th Cir. 2001); United States v. Jackson, 176 F.3d 1175, 1178 (9th Cir. 1999); United States v. Johnson, 138 F.3d 115, 118-19 (4th Cir. 1998); United States v. Quinones, 136 F.3d 1293, 1295 (11th Cir. 1998).  Mr. Dees

submits these cases have been incorrectly decided and that the Third Circuit, when presented

with the issue, will conclude that a district court lacks the authority to require consecutive terms

of imprisonment upon revocation of supervised release, at least to the extent that those sentences

exceed the statutory maximum term of imprisonment permitted by 18 U.S.C. § 3583(e).

Contrary to the holding of the other courts of appeals, 18 U.S.C. § 3584(a) has no

application to supervised release revocation proceedings.  In defining the court's powers when

revoking supervised release, Congress used very distinct and precise language in § 3583(e) as

compared to 18 U.S.C. § 3584.  Notably, § 3583(e) does **not** permit a court to revoke a term of

supervised release and "impose" a "sentence of imprisonment" equal to all or part of the term of

supervised release.  Rather, a court may "revoke a term of supervised release, and *require* the

defendant to *serve in prison all or part of the term of supervised release* ..."  18 U.S.C. § 3583(e)

(emphasis supplied).

Section 3584(a), which governs "[m]ultiple sentences of imprisonment," provides courts,

in certain circumstances, with the authority to "impose" concurrent or consecutive "terms of

imprisonment."  However, upon revocation of supervised release, this Court is not authorized to

"impose" a "term of imprisonment."  See 18 U.S.C. § 3583(e).  Instead, it may "require" that a

defendant serve in prison some or all of his term of supervised release.  Id.  There is a significant

distinction between a "imposing" a "sentence of imprisonment," which follows finding a

defendant guilty of a criminal offense, and "requir[ing]" a defendant "to serve in prison all or part

of the term of supervised release," which follows finding a violation of supervised release.

Compare 18 U.S.C. § 3553(a) with 18 U.S.C. § 3583(e)(3).  Section 3584(a) only authorizes

consecutive sentences for the former.

8

Under federal law, district courts "impose" "sentences" upon a conviction for a criminal offense.  See 18 U.S.C. §§ 3551, 3552 (requiring probation office to prepare a presentence investigation report "before imposition of sentence."), 3553, 3554, 3555, 3556, 3557, 3558; 3651 ("A defendant who has been found guilty of an offense may be sentenced to a term of probation") and 3562 ("Imposition of a sentence of probation"); 3571 ("A defendant who has been found guilty of an offense may be fined.") and 3572 ("Imposition of a fine and related matters"); 3581("A defendant who has been found guilty of an offense may be sentenced to a term of imprisonment") and 3582 ("Imposition of a sentence of imprisonment").  By its express terms, 3584(a) applies to courts "impos[ing]" "multiple sentences of imprisonment," which is addressed in statutes governing imposition of a sentence following a conviction, not to supervised release revocation proceedings.

Another reason why § 3584 does not apply to revocation proceedings is because 3584(b) expressly contradicts 3583(e) – the statute governing revocation of supervised release.  Under 3583(e), courts may modify or revoke supervised release after considering only some of the specified factors set forth in 3553(a).  In contrast, 3584(b) provides that courts are required to consider all of the factors set forth in 3553(a) when determining whether to run multiple terms of imprisonment consecutively or concurrently.  This further proves that 3584(a) does not apply in the supervised release revocation context.[5]  Section 3584(a), therefore, has no application to supervised release revocation proceedings.

_____

[5]Indeed, the mere fact that 3583(e) specifies what this Court should consider prior to modifying or revoking a term of supervised release further supports Mr. Dees' argument that this Court is not authorized to "impose" "multiple sentences of imprisonment," § 3584, because if this Court were "imposing a sentence," it would have to consider all of the factors set forth in 18 U.S.C. § 3553(a).

Alternatively, to the extent that this Court finds that 3584(a) does apply, it urges against imposing consecutive terms of imprisonment for the same criminal conduct:

> **(a) Imposition of concurrent or consecutive terms. –** If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, **except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt**. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a) (emphasis supplied).

Since Congress has **explicitly prohibited** consecutive sentences for an attempt conviction and another offense that was the sole objective of the attempt, it is hard to imagine Congress sanctioning consecutive sentences of imprisonment for **the exact same conduct** which happens to violate multiple terms of supervised release which were imposed at the same time and ordered to run concurrent with each other.

**C.    To Revoke Mr. Dees' Concurrent Terms of Supervised Release and Require Him to Serve in Prison Consecutive Terms of Imprisonment Would Violate the Constitutional Prohibition Against Double Jeopardy.**

This Court has revoked Mr. Dees' term of supervised release in three separate cases based upon the same exact conduct. The Third Circuit Court of Appeals has held that "[v]iolation of supervised release is a separate offense" from the underlying crime. United States v. Blackston, 940 F.2d 877, 881 n. 7 (3d Cir. 1991). The United States Supreme Court has held that where two crimes each require proof of some element that the other does not, they may be considered effectively distinct in determining whether there has been a violation of the Fifth Amendment

prohibition against double jeopardy. Brown v. Ohio, 432 U.S. 161, 164-166 (1977). In this case, by revoking Mr. Dees' terms of supervised release in three cases based upon the exact same conduct, this Court has found that Mr. Dees' conduct constituted three distinct crimes separate from his original offense. Thus, to sentence Mr. Dees to consecutive terms of imprisonment would result in a violation of the Double Jeopardy Clause of the Fifth Amendment. See U. S. Const. amend V; United States v. Halper, 490 U.S. 435, 440 (1989) (the Double jeopardy Clause "protects against ... multiple punishments for the same offense").

Moreover, Mr. Dees has been indicted for the conduct which forms the primary basis of the government's motion and amended motion to revoke his supervised release. As a result of these charges, Mr. Dees faces, if convicted, a potential sentence of 12 years, or 144 months, imprisonment. See 18 U.S.C. §§ 1029(a)(2) (ten year maximum term of imprisonment) and 1028A(a)(1) (two year term of imprisonment to run consecutively with any other term imposed). A term of 72 months imprisonment as a sanction for violating his supervised release for the exact same conduct – a sentence that equates to one-half of the statutory maximum term of imprisonment if convicted – is contrary to the theory behind sanctioning violations of supervised release, which is to "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch.7, Pt.A, intro. comment., at 3.(b) (emphasis added). To the contrary, a term of 72 months imprisonment effectively subjects Mr. Dees to a second punishment for the offenses alleged at Indictment No. 05-172 in violation of the Double Jeopardy Clause of the Fifth Amendment. See U. S. Const. amend V; Halper, 490 U.S. at 440. Indeed, if this Court requires Mr. Dees to serve three consecutive two-year terms of imprisonment pursuant to 18 U.S.C.

11

§ 3584(a), it would necessarily consider, pursuant to § 3584(b), and, therefore sentence Mr. Dees

based on, the serousness of the offense and providing just punishment for the offense.  Such

considerations are proper for imposing an appropriate sentence for the criminal charge itself;

thus, Mr. Dees will be placed in Double Jeopardy in the case at Indictment No. 05-172.

**D.      Requiring Mr. Dees to Serve a Term of Imprisonment for Violating the Conditions
of His Supervised Release Violates His Fifth and Sixth Amendment Rights under the
United States Constitution**

This Court, based upon findings made by the Court under the preponderance of the

evidence standard, revoked Mr. Dees' three terms of supervised release and indicated that it is

considering imposing three consecutive two-year terms of supervised release based on those

findings.  To do so would violate the Fifth and the Sixth Amendments to the United States

Constitution.

In Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), the United States Supreme Court held

that the "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime

beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable

doubt."  120 S.Ct. at 2362-63.  More recently, in Blakely v. Washington, 124 S. Ct. 2531 (2004),

the Court clarified the meaning of "statutory maximum" and held that the statutory maximum

sentence "is the maximum sentence a judge may impose solely on the basis of the facts reflected

in the jury verdict or admitted by the defendant."  Blakely, 124 S.Ct at 2537 (emphasis in

original).

Mr. Dees entered a plea of guilty in three separate cases, and as a result fell into a

sentencing range under the United States Sentencing Guidelines of 41 to 51 months.  Because

Mr. Dees was sentenced prior to the Supreme Court's decision in United States v. Booker, 125 S.

Ct. 738 (2005), he was sentenced at a time when the sentencing guidelines were mandatory. Under the teachings of <u>Blakely</u> and <u>Booker</u>, the maximum sentence he could have received was the maximum sentence that could be imposed based solely on the facts reflected in the jury verdict or admitted by the defendant.  <u>Blakely</u>, 124 S.Ct at 2537; <u>Booker</u>.  Under the facts and circumstances here, the "statutory maximum" sentence for Mr. Dees was 51 months.  Under the reasoning set forth in <u>Booker</u>, a sentence in excess of 51 months would have violated the Sixth Amendment.

This Court may not impose any additional term of imprisonment here because Mr. Dees has already served the maximum term of imprisonment for the underlying offenses – 51 months. Thus, any additional period of confinement violates his Fifth and Sixth Amendment rights under <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u>.

Alternatively, Mr. Dees cannot be required to serve more than one year in prison for violating the terms of his supervised release.  As the court is aware, an authorized term of supervised release is determined, in part, by reference the to the class of felony.  The class of felony is, in turn, based on the statutory maximum sentence.  Because the statutory maximum sentence Mr. Dees could have received was 51 months, under 18 U.S.C. § 3559(a), Mr. Dees committed a Class E felony.  18 U.S.C. § 3559(a)(3) ("An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is: . . . (5) less than five years but more than one year, as a Class E felony.").

Under 18 U.S.C. § 3583(b)(2), the maximum authorized term of supervised release for a Class E felony is one year.  Mr. Dees, of course received three years supervised release because

his sentence was imposed before the <u>Blakely</u> Court clarified the meaning of "statutory maximum." This court, however, has the benefit of <u>Blakely</u> and <u>Booker</u>, and, as a result, is limited by the letter and spirit of their holdings in imposing a sentence upon revocation of supervised release.

Because the maximum term of supervised release that was authorized under § 3583(b)(2) is one year, the maximum punishment he can receive upon revocation of supervised release is 12 months.[6] A sentence above 12 months would exceed the authorized maximum under § 3583(b) and, therefore, would violate Mr. Dees's Sixth Amendment rights under <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u>.

**E.    Due Process Clause of the Fifth Amendment Requires That a Violation of Mr. Dees Term of Supervised Release Be Found Beyond a Reasonable Doubt Where He Faces Imposition of Consecutive Maximum Terms of Imprisonment.**

The reasonable doubt standard is derived from the Fifth Amendment's Due Process Clause. <u>In re Winship</u>, 397 U.S. 358, 363-64 (1970). In <u>Winship</u>, the Supreme Court addressed proof standards in a setting (juvenile proceedings) in which the Sixth Amendment's jury trial right is not applicable. The Court held that the Due Process Clause requires that the juvenile's potential loss of liberty, even though no jury was involved, be preceded by a finding that the government has borne its burden of proving every "fact necessary to constitute the crime with which [the defendant] is charged" beyond a reasonable doubt. <u>Id</u>., 397 U.S. at 361-64. In other words, <u>Winship</u> was about assuring that judges apply the heightened proof standard in order to

---

[6]Alternatively, to the extent that this Court finds that it may impose consecutive terms of imprisonment for Mr. Dees' three concurrent terms of supervised release, this Court may not require Mr. Dees to serve more than three consecutive one-year sentences.

provide "concrete substance for the presumption of innocence -- that bedrock axiomatic and elementary principle whose enforcement lies at the foundation of the administration of our criminal law." Id., 397 U.S. at 363.

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Court discarded distinctions between elements and sentencing factors to find that any fact (other than prior conviction) that increased the maximum sentence had to be proved to a jury beyond a reasonable doubt. Apprendi expressly referred back to the due process roots of the reasonable doubt requirement: "Since Winship, we have made clear beyond peradventure that Winship's due process and associated jury protections extend, to some degree, 'to determinations that [go] not to a defendant's guilt or innocence, but simply to the length of his sentence.'" Apprendi, 530 U.S. at 484 (citation omitted).

In Ring v. Arizona, 536 U.S. 584 (2002), the Court, using some of its strongest language yet concerning the relationship between crime and punishment, made clear that any "increase in a defendant's authorized punishment contingent on the finding of a fact, that fact -- no matter how the state labels it -- must be found by a jury beyond a reasonable doubt." 536 U.S. at 602.

In Booker, the merits majority specified that the question was whether the Federal Sentencing Guidelines violated the Sixth Amendment. Booker, 125 S.Ct. at 746. The Booker majority repeated, in the context of the right to have the jury find facts, that the facts must be reflected in the jury verdict or admitted by the defendant. Booker, 125 S.Ct. at 756-57. Booker therefore left the precedent in place requiring proof beyond a reasonable doubt of factors increasing the offense level or punishment.

Several district courts have found that applying the reasonable doubt standard to

15

sentencing enhancements is not only appropriate, but necessary. Judge Bataillon, of the District

of Nebraska, found that to comply with due process, the court will require a defendant to be

afforded Fifth and Sixth Amendment protections in connection with any facts on which the

government seeks to rely to increase his sentence. United States v. Huerta-Rodriguez, 355

F.Supp.2d 1019, 1027 (D.Neb. 2005). Although "nothing prevents a defendant from waiving his

right to a jury trial and consenting to factfinding by the court," "[t]here is no authority to support

the contention that a defendant can consent to a change in the burden of proof for a criminal

prosecution. . . because the burden of proof is not the defendant's to waive." Huerta-Rodriguez,

355 F.Supp.2d at 1027.

"Whatever the constitutional limitations on the advisory sentencing scheme, the court

finds that it can never be 'reasonable' to base any significant increase in a defendant's sentence

on facts that have not been proved beyond a reasonable doubt." Huerta-Rodriguez, 355

F.Supp.2d at 1028. In so holding, the court noted the doctrine of constitutional avoidance and

determined "[i]n view of the uncertainty surrounding this issue, the court will err on the side of

caution in protecting a criminal defendant's constitutional rights." Huerta-Rodriguez, 355

F.Supp.2d at 1028 ("Just as a court should construe a statute to avoid a constitutional infirmity if

possible, see Clark v. Martinez. . ., prudence dictates that the court should adopt sentencing

procedures that lessen the potential that a sentence will later be found unconstitutional. Requiring

that Fifth and Sixth Amendment procedural safeguards be afforded to enhancing facts will

achieve this goal. . .").

The Court in Huerta-Rodriguez, found "that although Booker's Sixth Amendment holding

may not require such a procedure, it is not precluded. . . . To the extent that the government

16

intends to rely on the proof of any fact to enhance a defendant's sentence, that fact must be pled, by indictment or information, and either admitted or proved." Huerta-Rodriguez, 355 F.Supp.2d at 1029. Other courts have agreed. See United States v. West, 2005 WL 180930, *3 (S.D.N.Y. Jan. 27, 2005) (Sweet, J.); United States v. Barkley, Case No. 04- CR-119-H (N.D.Okla. Jan. 24, 2005; United States v. Harper, ___ F. Supp. 2d ____, 2005 WL 646366 (E.D. Tex. Mar. 17, 20050 (Clark, J.) (on government motion pursuant to Fed. R. Crim. P. 35(a), rejecting government's argument (based on United States v. Mares, 2005 WL 503715 (5th Cir. 2005)) that preponderance standard applies in light of subsequent Supreme Court decision in Shepard, 2005 WL 516494; concluding that sentencing enhancements "require more than inferences drawn from a preponderance of evidence"). See also United States v. Gray, No. 3:03-00182 (S.D. W.Va. March 17, 2005) (court will use preponderance standard, then apply reasonable doubt standard to inform it of how much deference to accord the advisory guideline range); United States v. Kikumura, 918 F.2d 1084, 1100-02 (3d Cir. 1990) (requiring clear and convincing evidence to support extreme departure).

In Mr. Dees' cases, imposing three consecutive two-year terms of imprisonment for a finding, by a preponderance of the evidence, that Mr. Dees had violated the terms of his supervised release violates Mr. Dees Due Process rights under the Fifth Amendment.

**F.      Summary**

To allow consecutive terms of imprisonment upon revocation of concurrent supervised release terms would permit an end-run around the limits that Congress explicitly imposed. These limits are, as stated above: (1) Congress' requirement that all supervised release terms run

concurrent to one another, see 18 U.S.C. § 3624(e); (2) Congress' limiting a court's ability to impose a term of imprisonment upon revocation of supervised release to "all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release," see 18 U.S.C. § 3583(e)(3); and (3) Congress' further limitation of the amount of imprisonment that may be imposed upon revocation of supervised release to a specific number of years based upon the class of felony, in this case a maximum of 2 years. Id.[7] Additionally, this Court is not authorized to sentence Mr. Dees to consecutive two-year terms of imprisonment because doing so would violate the proscription against Double Jeopardy and Mr. Dees Due Process Rights.

### III. EVEN IF THIS COURT HAS AUTHORITY TO REQUIRE MR. DEES TO SERVE IN PRISON CONSECUTIVE TWO YEAR TERMS OF IMPRISONMENT UPON REVOCATION OF CONCURRENT TERMS OF SUPERVISED RELEASE, TO DO SO WOULD CONSTITUTE AN ABUSE OF DISCRETION.

When exercising its discretion to modify or revoke a term of supervised release under 18 U.S.C. § 3583, the court is required to consider certain sentencing factors set forth in 18 U.S.C. § 3553(a), including the United States Sentencing Guidelines' Policy Statement regarding revocation of supervised release. See 18 U.S.C. § 3583(e); United States v. Blackston, 940 F.2d 877, 893 (3d Cir. 1991).[8] Although the court is not bound by the recommendations of Chapter 7,

---

[7]    At the very least § 3583(e)(3) is ambiguous about a sentencing court's options. To the extent that the sentencing options are unclear, this Court should apply the general rule that ambiguities in criminal statutes "should be resolved in favor of lenity." Bell v. United States, 349 U.S. 81, 83 (1955).

[8]    These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences and the

paramount in the court's consideration of an appropriate sentence should be the theory underlying the Sentencing Commission's policy statements regarding the sanctioning of violations of supervised release.

The Sentencing Commission counsels that "at revocation, the court should sanction primarily the defendant's breach of trust, while taking into account, *to a limited degree*, the seriousness of the underlying violation and the criminal history of the violator."  U.S.S.G. Ch.7, Pt.A, intro. comment., at 3.(b) (emphasis supplied).  In a case such as Mr. Dees where the defendant is found to have committed a Grade B violation and the defendant's original criminal history category is a category VI, the Guidelines recommend a term of imprisonment ranging from 21 to 27 months.  See U.S.S.G. § 7B1.4(a).  Requiring Mr. Dees to serve in prison consecutive 24 months terms of imprisonment, for a total term of 48 or 72 months imprisonment – nearly two or three times the maximum recommended sentence – is a plainly unreasonable sentence constituting an abuse of discretion.  See Blackston, 940 F.2d at 894 (a district court's decision to exceed the sentencing range set forth by U.S.S.G. § 7B1.4, where the court does not exceed its authority under § 3583(e)(3), will not be disturbed unless it the sentence is "plainly unreasonable").[9]

_____

sentencing range in the policy statements set forth in Chapter 7 of the United States Sentencing Guidelines; (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.   See 18 U.S.C. §§ 3583(e)(3) and 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & (a)(7).

[9]    Because 18 U.S.C. § 3583(e)(3) sets a maximum term of imprisonment of 2 years, or 24 months, which is less than the maximum term suggested by §7B1.4(a), the court is limited to a term of imprisonment that "is not greater than the maximum term of imprisonment authorized by statute."  U.S.S.G. §  7B1.4(b)(3)(A).  Accordingly, the Guidelines would actually recommend a term of imprisonment ranging from 21 to 24 months.  Assuming for  purposes of

Such a long term of imprisonment cannot possibly be justified as a sentence that primarily sanctions the defendant's breach of trust.  To the contrary, it is clearly a sentence for the underlying crime, for which Mr. Dees has yet to be proven guilty beyond a reasonable doubt.[10] As noted above, in formulating the policy statements regarding revocation of supervised release, the Sentencing Commission explicitly rejected an approach that "sought to sanction violators for the particular conduct triggering the revocation as if that conduct were being sentenced as new federal criminal conduct."  Id.  The Sentencing Commission rejected this approach " because that option was inconsistent with its views that the court with jurisdiction over the criminal conduct leading to revocation is the more appropriate body to impose punishment for that new criminal conduct ...."  Id.

Further, consideration of the applicable 3553(a) factors, as set forth in 3583(e), does not support requiring Mr. Dees to serve consecutive two-year terms of imprisonment.  Preliminarily, the fact that there is an outstanding criminal case weighs against requiring a long term of imprisonment for the supervised release violation, for these goals will be revisited again if there is a finding of guilt, or, conversely, will be irrelevant if Mr. Dees is acquitted.  Consideration of these factors weighs against imposing consecutive terms of imprisonment here; for instance, this Court must consider the need to avoid unwarranted disparities under § 3583(e) and § 3553(a)(6).

---

this  argument only that the Court does have the discretion to impose consecutive terms of imprisonment, Mr. Dees submits that the term of imprisonment recommended by the Guidelines is any term of imprisonment, concurrent or consecutive, that results in a total term of imprisonment of 21 to 27 months.

[10]    Indeed, Mr. Dees was put in a precarious position by the supervised release revocation proceeding in which he was accused of committing another crime: he had to stand mute and not defend himself against the charges or waive his Fifth Amendment right not to testify.

Requiring consecutive terms of imprisonment would result in severely disparate treatment given that consecutive sentencing is so rare. Indeed, there are no Third Circuit cases addressing it, and neither undersigned counsel nor the Assigned Assistant United States Attorney had ever faced this issue previously. Thus, imposing consecutive terms of imprisonment would lead to an unwarranted disparity where other defendants, with records similar or worse than Mr. Dees' get less time for worse conduct. See, e.g., United States v. Lynn Lamar, 02-cr-268 (W. D. Pa. Sept. 7, 2005) (Ambrose, J.) (requiring defendant to serve four, concurrent, twenty-four month terms of imprisonment for violating conditions of supervised release). Further, the applicable 3553(a) factors do not support consecutive sentences in this case – where Mr. Dees (1) was not even charged with a Grade A violation, (2) faced technical violations, which, as set forth in the hearing, had mitigating explanations and, in any event were not as pervasive or as serious as many, if not most, that come before this Court, and (3) could not defend himself or admit the Grade B violation.

In sum, in the event that this Court rejects Mr. Dees arguments under Points III(D) and III(E), *supra*, this Court should sentence Mr. Dees within the term suggested by the United States Sentencing Guidelines, that is, a term ranging from 21 to 24 months. To do otherwise based on technical violations[11] and conduct that forms the basis of an indictment and pending criminal case that carries an additional punishment of up to 12 years in prison would result in a plainly unreasonable sentence and would constitute an abuse of discretion.

---

[11]Mr. Dees hereby incorporates the arguments set forth at the revocation hearing concerning the appropriate response to this Court's finding that he violated the conditions of his supervised release.

**IV.     CONCLUSION**

For the above reasons, and for the reasons set forth at the supervised release hearing, Mr.

Dees respectfully urges this Court to find that it lacks the authority to require Mr. Dees to serve

consecutive terms of imprisonment upon revocation of concurrent terms of supervised release,

or, alternatively, to decline to require consecutive terms of imprisonment.


Respectfully Submitted,

S/Linda E. J. Cohn
Assistant Federal Public Defender