<u>PRECEDENTIAL</u>

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case Nos.: 05-4949, 05-4950, 05-4951

---

UNITED STATES OF AMERICA

v.

JOSEPH DEES,

Appellant

---

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court Nos. 99-cv-122-01; 00-cr-126-01;
and 01-cr-156-01
District Judge: The Honorable Arthur J. Schwab

---

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 26, 2006

Before: SMITH, WEIS, and NYGAARD, *Circuit Judges*

(Filed: November 8, 2006)

Counsel:   Lisa B. Freeland
Kimberly R. Brunson
Karen S. Gerlach
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222
*Counsel for Appellant*

Mary Beth Buchanan
Laura S. Irwin
Kelly R. Labby
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
*Counsel for Appellee*

_____

OPINION

_____

SMITH, *Circuit Judge*.

Joseph Dees was sentenced to 51 months in prison and 36 months of supervised release on each of three separate convictions of violating 18 U.S.C. § 1029(a)(2) (twice) and 18 U.S.C. § 2314. The sentences ran concurrently. After he left prison, Dees engaged in criminal activity that constituted Grade

2

B violations of his supervised release. The Government filed a motion to revoke his supervised release. The District Court granted the motion, and sentenced Dees to the statutory maximum of two years in prison for each underlying conviction, but the sentences were imposed consecutively so that Dees was sentenced to 72 months in prison. All of the issues presented by Dees revolve around whether a district court can sentence a defendant for revocation of supervised release conditions consecutively even though the initial sentences ran concurrently. Because we agree with the District Court that it has statutory authority to impose consecutive sentences upon revocation of concurrent terms of supervised release based upon the same violation conduct, we will affirm the Judgment of the District Court.

I.

Joseph Dees pled guilty to one count of use of unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2) on March 16, 2001 after being indicted on July 22, 1999. That same day, Dees pled guilty to one count of interstate transportation of stolen goods in violation of 18 U.S.C. § 2314 after being indicted on July 19, 2000. Dees then pled guilty to another count of use of unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2) on August 10, 2001 after waiving indictment. District Judge Donald Ziegler sentenced Dees for all three crimes simultaneously on October 26, 2001. Dees was sentenced to 51 months in prison and 36 months of supervised

release for each conviction, with the sentences to run concurrently. Dees served his sentence and, almost immediately after his release from prison, began to violate technical and non-technical conditions of his supervised release. On April 6, 2005, the Government filed a Motion to Revoke Supervised Release along with an arrest warrant. Two months later, on June 16, 2005, a grand jury returned a two-count indictment that charged Dees with use of unauthorized access devices and a related credit card crime under 18 U.S.C. 1018(a)(1). The Government filed an amended motion on June 16, 2005 that reflected more details from the indictment.

District Judge Arthur Schwab presided over Dees' revocation hearing on September 29, 2005 because Judge Ziegler had retired from the bench. After receiving testimony from three witnesses, the District Court found that Dees committed technical violations and non-technical Grade B violations, including cocaine and heroin use as well as unauthorized use of access devices and aggravated identity theft. Judge Schwab then asked the Assistant U.S. Attorney (AUSA) and the Federal Public Defender whether he had discretion to impose consecutive rather than concurrent sentences for violations of supervised release even though Dees' initial sentences for the three crimes ran concurrently. Because the AUSA did not believe the District Court had discretion to run the sentences consecutively, the AUSA asked for the statutory maximum for the violations (24 months) to run concurrently. Judge Schwab then had the AUSA read aloud 18 U.S.C. §

4

3584(a), which governs the imposition of concurrent or consecutive terms when multiple terms of imprisonment are imposed. The AUSA quickly changed his mind and stated that, based on the plain meaning of § 3584(a), the District Court did have the discretion to sentence Dees consecutively. At the conclusion of this hearing, Judge Schwab sentenced Dees to 24 months in prison for violation of supervised release on each of the three initial charges, but reserved ruling on whether he had discretion to sentence Dees consecutively. Judge Schwab stated that if he concluded that the District Court had the authority to sentence Dees consecutively, then the sentence would be 72 months instead of 24 months.

The parties then briefed the issue. After briefing by the parties, Judge Schwab concluded that he did have statutory discretion to impose consecutive sentences for violations of supervised release even though Dees' initial punishments for the underlying crimes ran concurrently. Accordingly, on October 24, 2005, the District Court issued a Memorandum Order and three days later issued an Amended Judgment Order sentencing Joseph Dees to three consecutive 24 month prison terms. Joseph Dees now appeals.

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1), which applies to

final sentences imposed in violation of law.  *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

### III.

Dees presents five issues on appeal.  They are: 1) Whether the District Court had statutory discretion under 18 U.S.C. § 3584(a) to impose consecutive sentences upon revocation of concurrent terms of supervised release based upon the same violation conduct, or whether 18 U.S.C. § 3583(e)(3) removes this discretion; 2) Whether the 72-month sentence, which exceeds Dees' initial sentence by 21 months, was "unreasonable"; 3) Whether the District Court violated the Double Jeopardy Clause when it revoked Dees' three concurrent terms of supervised release and required him to serve three consecutive terms in prison; 4) Whether the District Court violated Dees' Fifth and Sixth Amendment rights under *Apprendi*, *Blakely*, and *Booker* by requiring Dees to serve three consecutive terms in prison; and 5) Whether the District Court violated the Fifth Amendment's Due Process Clause when it found a violation of Dees' supervised release by a preponderance of the evidence standard rather than a reasonable doubt standard and imposed three consecutive terms in prison.

### A.

The first issue is whether the District Court had statutory discretion under 18 U.S.C. § 3584(a) to impose consecutive sentences upon revocation of concurrent terms of supervised release based upon the same violation conduct. We exercise plenary review of the legal issue of statutory construction. *See Lieberman v. Cambridge Partners, L.L.C.* 432 F.3d 482, 486 (3d Cir. 2005).

Section 3584(a) states in relevant part that:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.

18 U.S.C. § 3584(a). Dees contends that § 3584(a) has no application in supervised release revocation proceedings under § 3583(e)(3). He argues that § 3583(e)(3) removes the discretion of a District Court to impose consecutive sentences of imprisonment for violations of supervised release. Section 3583(e)(3) states that, when certain conditions are met, a district court can "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." *See* 18 U.S.C. § 3583(e)(3).

7

Section 3624(e) mandates that multiple terms of supervised release run concurrently. *See* 18 U.S.C. § 3624(e) (stating that "even in the case of a consecutive term of imprisonment ... any term of supervised release imposed is to run concurrently with any other term of supervised release imposed"). Dees combines these statutes and concludes that, because supervised release terms are always concurrent, the sentences imposed upon revocation of such release cannot be consecutive. Under Dees' reading of these statutes, the statutory maximum is 24 months, but this term cannot be multiplied out to 72 months even though there were three separate underlying crimes that formed the basis of Dees' supervised release sentence.

Contrary to Dees' assertions, 18 U.S.C. § 3584(a) controls and permits a district court to impose consecutive terms of imprisonment upon revocation of supervised release–even when the sentences for the underlying crimes ran concurrently. No fewer than six other circuits have agreed with the proposition that § 3584(a) applies to not only the imposition of one's initial sentence but also to a sentence imposed upon revocation of supervised release. *See United States v. Deutsch*, 403 F.3d 915, 917-18 (7th Cir. 2005) (per curiam); *United States v. Gonzalez*, 250 F.3d 923, 926-29 (5th Cir. 2001); *United States v. Jackson*, 176 F.3d 1175, 1176-79 (9th Cir. 1999) (per curiam); *United States v. Johnson*, 138 F.3d 115, 118-19 (4th Cir. 1998); *United States v. Quinones*, 136 F.3d 1293, 1294-95 (11th Cir. 1998) (per curiam); *United States v. Cotroneo*, 89 F.3d 510, 512-13 (8th Cir. 1996). Nothing in § 3584(a) states or

implies that the statute does not extend to revocation proceedings. A district court has full authority under § 3584(a) to sentence a defendant consecutively for violations of supervised release.

The Seventh Circuit rejected almost the exact argument offered by Dees in *Deutsch*. In *Deutsch*, the defendant similarly argued that § 3583(e) and § 3624(e) should be read together to preclude the imposition of consecutive terms of imprisonment on revocation. 403 F.3d at 917. Rejecting the argument that § 3624(e) must be applied alongside § 3583(e)(3), the Court stated, "[n]o plausible reading of [§ 3624(e)] supports [defendant's] argument that it forbids a district court from imposing consecutive terms of *imprisonment* upon revocation of supervised release." *Id*. Section 3583(e)(3) similarly provides no support, because the language of that statutory section focuses only on total punishment. *See id*. at 917-18 (stating that the restrictions in § 3583(e)(3) "limit only the length of each *term*, not the length of *overall punishment;* therefore, when each individual term is lawful ... it may be stacked consecutively with other lawfully imposed terms").

Section § 3584(a) by its own terms governs "multiple terms of imprisonment," and every court of appeals to address the issue has concluded that the statute applies not just to initial sentencing, but also extends to revocation proceedings. *See* 18 U.S.C. § 3584(a). Dees' argument finds no support in the text of the statutes he cites. On the contrary, § 3584(a) plainly

9

permits the District Court to impose sentences of imprisonment concurrently or consecutively. Because neither § 3583(e) nor § 3624(e) limit § 3584(a), the District Court had full discretion to sentence Dees according to this latter statute. *See also Gonzalez*, 250 F.3d at 925-28; *Jackson*, 176 F.3d at 1177-78. We find no error by the District Court in imposing consecutive sentences.

B.

The second issue is whether the 72-month sentence, which exceeded Dees' initial sentence by 21 months, was unreasonable. Prior to *Booker*, this Court reviewed district court revocation sentences for abuse of discretion that resulted in a "plainly unreasonable" sentence. *See United States v. Schwegel*, 126 F.3d 551, 555 (3d Cir. 1997) (per curiam); 18 U.S.C. §§ 3742(a)(4), (e)(4), and (f)(2). Dees contends that this standard has been supplanted by one of reasonableness under the applicable § 3553(a) factors. Because Dees' sentence satisfies either standard, we need not decide now which standard of review applies to violations of supervised release.

On appeal, Dees contends that his 72-month revocation sentence was unreasonable because the District Court's purported intent behind the sentence was punitive. Dees notes that his revocation exceeded his initial 51-month sentence. Again, this comparison misses the point that his initial prison term was for three different sentences, albeit served

10

concurrently.

The District Court correctly stated that the theory behind sanctioning violations of supervised release is to "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *See* U.S. SENTENCING GUIDELINES MANUAL ch. 7, pt. A, introductory cmt. A district court's primary consideration in handing down a revocation sentence is the defendant's breach of trust. Additionally, a district court may consider the Sentencing Guidelines revocation table in U.S.S.G. § 7B1.4(a), which even before *Booker* was advisory. *See United States v. Blackston*, 940 F.2d 877, 893 (3d Cir. 1991).

The District Court took into account the proper factors when sentencing Dees to three consecutive 24 month terms of imprisonment. The District Court, during the revocation hearing, found that Dees' technical and Grade B violations along with his criminal history gave him an advisory sentencing guideline range of 21 to 27 months under § 7B1.4. The District Court properly recognized that the statutory maximum capped Dees' possible sentence at 24 months. As noted by Judge Schwab, Judge Ziegler initially issued three separate Judgment and Conviction Orders, each of which imposed a supervised release period of three years. With respect to giving Dees the maximum sentence allowed by statute, the District Court considered Dees' multiple and flagrant breaches of trust that

11

began almost immediately upon his release from prison, and indicated that rehabilitation had not been achieved during this first term of imprisonment. In this case, sentencing Dees to the statutory maximum was reasonable due to the repeated violations of the terms of his supervised release and his breach of the Court's trust. We decline to find a sentence imposed upon revocation unreasonable simply because it exceeds the initial sentence of imprisonment when the District Court has ably identified the reasons warranting such punishment.

C.

Dees next argues that the District Court violated the Double Jeopardy Clause when it revoked his three concurrent terms of supervised release based on the same conduct and required him to serve three consecutive terms in prison. We exercise plenary review over the District Court's resolution of constitutional issues, including legal questions concerning Double Jeopardy challenges. *United States v. Aguilar*, 849 F.2d 92, 95 (3d Cir. 1988).

Dees' argument on this issue is without merit. The Supreme Court has stated that it "attribute[s] postrevocation penalties to the original conviction." *Johnson v. United States*, 529 U.S. 694, 701 (2000). This position finds support in 18 U.S.C. § 3583(a), which notes that supervised release is "a part of the sentence." When read as such, a revocation sentence should be seen as part of the initial sentence, even when the

same act triggers multiple revocations. *See United States v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995). Coupled with the conclusion that a district court has statutory discretion under 18 U.S.C. § 3584(a) to impose consecutive sentences upon revocation of concurrent terms of supervised release, Double Jeopardy is not implicated here. *See also United States v. Clark*, 984 F.2d 319 (9th Cir. 1993) (holding that a defendant who was on probation and supervised release for separate offenses could be re-sentenced consecutively for the same conduct that led to his probation/supervised release violation).

D.

Next, Dees asserts that the District Court violated his Fifth and Sixth Amendment rights under *Apprendi*, *Blakely*, and *Booker* by requiring him to serve three consecutive terms in prison after the revocation of his supervised release. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Blakely v. Washington*, 542 US 296 (2004); *United States v. Booker*, 543 U.S. 220, 260 (2005). We exercise plenary review over the District Court's application of the Sentencing Guidelines and Fifth and Sixth Amendment claims at issue here. *United States v. Williams*, 235 F.3d 858, 861 (3d Cir. 2000).

Joseph Dees contends that his revocation sentence was unconstitutional under *Apprendi*, *Blakely*, and *Booker* because it exceeded the statutory maximum of 51 months under the mandatory Sentencing Guidelines which governed pre-*Booker*.

13

Dees' argument on this point is without merit. Dees was not sentenced beyond the statutory maximum. The statutory maximum for *each term* of supervised release can be imposed upon revocation. Dees received 24 months for each underlying offense. Dees inappropriately aggregates the three revocation sentences and then compares them to the initial 51-month concurrent sentence. Further, while this Court has not addressed the supervised release scheme post-*Booker*, other Courts of Appeal to do so have concluded that *Booker* has left the constitutionality of supervised release untouched. *See United States v. Faulks*, No. 05-5168, 2006 WL 2683300, at *1 (4th Cir. Sept. 19, 2006) (per curiam) (stating that there is no basis in law to support the argument that *Booker* invalidated the supervised release statute ... or rendered it unconstitutional"); *United States v. Huerta-Pimental*, 445 F.3d 1220, 1224 (9th Cir. 2006) ("Because the revocation of supervised release and the subsequent imposition of additional imprisonment is, and always has been, fully discretionary, it is constitutional under *Booker*."); *United States v. McNeil*, 415 F.3d 273, 276-77 (2d Cir. 2005).

Dees argues in the alternative that he was convicted only of a Class E felony rather than a Class C felony, which means that the maximum revocation he can receive is one year or three years if the sentences run consecutively. The premise behind this statement is that, for supervised release purposes, the Guidelines maximum rather than the statutory maximum determines the maximum length of the revocation sentences. This argument is mistaken. Each of the three underlying

14

offenses are, by statute, Class C or D felonies. *See* 18 U.S.C. § 1029(a)(2) (for two of the counts); 18 U.S.C. § 2314. By statute, the authorized revocation sentence was two years for each underlying offense. *See* 18 U.S.C. § 3583(e)(3) (two years maximum for both Class C and D felonies).

E.

The final issue is whether the District Court violated the Fifth Amendment's Due Process Clause when it found a violation of Dees' supervised release by a preponderance of the evidence standard rather than a reasonable doubt standard and imposed three consecutive terms in prison. We exercise plenary review over a due process claim. *United States v. Barnhart*, 980 F.2d 219, 222 (3d Cir. 1992).

When discussing conduct that could trigger a revocation of supervised release, the Supreme Court has stated that "[a]lthough such violations often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt." *Johnson*, 529 U.S. at 700. This preponderance of the evidence standard comes from 18 U.S.C. § 3583(e)(3) (stating that a district court can revoke supervised release if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release").

15

*Apprendi* and *Booker* do not invalidate the preponderance of the evidence standard. *See, e.g.*, *Huerta-Pimental*, 445 F.3d at 1225 ("There is no right to a jury trial for such post-conviction determinations."); *United States v. Carlton*, 442 F.3d 802, 807-10 (2d Cir. 2006); *United States v. Cordova*, 461 F.3d 1184 (10th Cir. 2006); *United States v. Hinson*, 429 F.3d 114, 117 (5th Cir. 2005).

IV.

For these reasons, we will *affirm* the Judgment of the District Court.